IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BRANDON LEE PIPKIN | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv101 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Brandon Lee Pipkin, an inmate confined at the Hughes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Petition

Petitioner filed this petition for writ of habeas corpus asserting the following grounds for review: (1) there was insufficient evidence to support a conviction of sexual assault of a child as alleged in the indictment; (2) trial counsel provided ineffective assistance because he failed to investigate the recent medical history of the victim; (3) the trial court improperly denied his request for a different attorney; and (4) counsel improperly denied his right to testify by "instructive coercion."

The Response

The respondent was ordered to show cause why relief should not be granted. In response, the respondent asserts a general denial, denying all of petitioner's assertions of fact, except those supported by the record or specifically admitted in the response. The respondent contends the petition should be dismissed because petitioner has failed to show the state court resolution of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, the respondent asserts that the petition should be denied and dismissed with prejudice.

## Background and Prior Proceedings

Petitioner was indicted for the felony offenses of aggravated sexual assault of a child, indecency with a child, and two counts of delivery of a controlled substance to a minor. Petitioner entered a plea of not guilty and proceeded to a trial before a jury in the 159th Judicial District Court for Angelina County, Texas. On May 13, 2016, the jury found petitioner guilty of all of the charged offenses and sentenced him to a life term of imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division for aggravated sexual assault, to run consecutively with twenty years' confinement for indecency with a child; and twenty years' confinement for each count of delivery of a controlled substance, to run concurrently with his other sentences.

Petitioner appealed his conviction to the Twelfth District Court of Appeals in Tyler. The appellate court affirmed the judgment of the trial court on April 19, 2017. *See Pipkin v. State*, No. 12-16-00148-CR, 2017 WL 1426794 (Tex. App. - Tyler 2017, no pet.). Petitioner did not file a petition for writ of discretionary review.

On March 19, 2018, petitioner filed a state application for writ of habeas corpus. On May 8, 2019, the Texas Court of Criminal Appeals denied the application without written order based on the findings of the trial court.

## Standard of Review

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 generally prohibits a petitioner from relitigating issues that were adjudicated on the merits in State court proceedings, with two exceptions. *See* 28 U.S.C. § 2254(d). The first

exception allows a petitioner to raise issues previously litigated in the State court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal habeas relief from a state court's determination is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.*

This court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed

law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review).

Analysis

I.    *Sufficiency of the Evidence*

In his first ground for review, petitioner claims there was insufficient evidence to support a conviction of sexual assault of a child as alleged in the indictment. Petitioner contends that the evidence did not comply with the statutory requirements necessary to support a conviction of penetration of a sexual organ. Petitioner claims the victim changed her story multiple times, but at no time claimed she felt penetration.

Federal habeas review of an insufficiency of the evidence claim is extremely limited. On habeas review, a federal court cannot disturb a conviction rendered in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Gibson v. Collins,* 947 F.2d 780, 781 (5th Cir. 1991). During the review, the evidence must be viewed in the light most favorable to the verdict. *Jackson,* 443 U.S. at 319; *Gibson,* 947 F.2d at 781.

On state habeas review, the state court made the following findings of fact and conclusions of law:

> **GROUND No. 1:** Insufficient Evidence: Applicant essentially complains there was insufficient evidence at trial of the elements of Section 22.011, Penal Code, for Sexual assault, claiming lack of forensic evidence, conflicting testimony of the victim, with the victim "never once said that she felt penetration of the sexual organ by any means."
>
> **FINDING #1:** This ground was the basis of Applicant's sole point of error presented to the Twelfth Court of Appeals in Case Number 12-16-00148-CR where after the Judgment was affirmed on factual findings of evidentiary sufficiency.

(ECF No. 6-16 at *1).

On direct appeal, the Twelfth Court of Appeals made the following findings:

> To satisfy the elements of sexual assault of a child, the State was required to prove that Appellant intentionally or knowingly penetrated the sexual organ of Jane Doe, a child under seventeen at the time of the offense, with his sexual organ. *See* Tex. Penal Code Ann. §22.011(a)(2)(A) (West 2011). Appellant maintains that the State failed to carry this burden because no DNA evidence links him to the assault and conflicts in the testimony created reasonable doubt.
>
> At trial, the jury heard two versions of events. According to Jane Doe, she, Mary Doe, and Appellant used methamphetamine in Appellant's bedroom on the evening of November 30, 2014. She stated that she was face-down with her butt in the air, wearing only a t-shirt, on Appellant's bed. She further testified that Appellant was next to her on the bed when she heard a condom wrapper rip and then "felt a push" before passing out. Jane Doe said that she awoke the next morning on Appellant's bed and her vagina hurt. She locked herself in her room until Appellant left on an errand. Jane Doe then called her mother to tell her that she had been sexually assaulted by her father. Jane Doe's mother told her to call the police. Jane Doe gave the same statement to the Sheriff's Department and the sexual assault nurse examiner (SANE). Jane Doe further testified that she had not engaged in consensual sexual intercourse in the previous months.
>
> According to Mary Doe, she spent the night in Appellant's bedroom. She testified that Jane Doe and Appellant spent between fifteen and twenty minutes talking in Jane Doe's bedroom that evening.
>
> She further stated that nothing happened between Appellant and her sister in Appellant's bedroom that night.
>
> Norma Sanford, the SANE with Harold's House, testified that she examined Jane Doe on December 2, 2014. During that exam, she found an area of abrasion, where the tissue had been abraded off, that was red, irritated, and very tender. She testified that the abrasion was not more than two or three days old and was consistent with sexual intercourse.
>
> The evidence at trial showed that the forensic scientists were not able to identify Appellant as a contributor of the DNA samples taken from Jane Doe. However, Andrea Smith, a forensic scientist with the Texas Department of Public Safety's crime lab in Houston, testified that the lack of DNA evidence did not rule out the possibility of sexual assault. She explained that a female's DNA can mask a lower level contributor and that sexual assault can occur without leaving detectable evidence.
>
> The State had no burden to provide physical evidence corroborating Jane Doe's testimony. *See Lovings v. State*, 376 S.W.3d 328, 336 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (explaining that state has no burden to produce physical or other evidence corroborating the testimony of sexual assault victim). Rather, a complainant's testimony alone is sufficient to support a conviction for sexual assault of a child. Tex. Code Crim. Proc. Ann. Art. 38.07(a), (b)(1) (West Supp. 2016). Additionally, it is the jury's province to determine the credibility of the witnesses and the weight to be given their testimony. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The jury can choose to believe all, some, or none of the witnesses'

> testimony. *Id.* In doing so, the jury was entitled to credit the testimony of Jane Doe and Sanford, while rejecting Mary Doe's version of events. *See id.*
>
> Based on testimony from Jane Doe and Sanford, the jury could reasonably conclude that Appellant intentionally or knowingly penetrated the sexual organ of Jane Doe, a child under seventeen at the time of the offense, with his sexual organ when she was passed out from methamphetamine. *See* Tex. Penal Code Ann. §22.011(a)(2)(A). Viewing the evidence in the light most favorable to the verdict, we conclude that the jury was rationally justified in finding Appellant guilty of sexual assault of a child. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2786-87; *see also Brooks*, 323 S.W. 3d at 895. Because the evidence is sufficient to support Appellant's conviction, we overrule his sole issue.

*Pipkin,* 2017 WL 1426794, at *2-3.

Based on the evidence at trial, Petitioner has failed to show no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's ground for relief should be denied.

II.     *Ineffective Assistance of Counsel*

Petitioner claims that trial counsel provided ineffective assistance because he failed to investigate the recent medical history of the victim and improperly denied his right to testify by "instructive coercion."

When addressing the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). *See United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). In order to show that counsel was ineffective a petitioner must demonstrate:

> first . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings it cannot be said that the conviction

> or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland,* 466 U.S. at 687.

"To show deficient performance, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 688). "Counsel's performance is judged based on prevailing norms of practice, and judicial scrutiny of counsel's performance must be highly deferential to avoid 'the distorting effects of hindsight.'" *Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2015) (quoting *Carty v. Thaler*, 583 F.3d 244, 258 (5th Cir. 2009)). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). "There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (quoting *Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989).

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999).

In order to prove the prejudice prong, "there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Coleman v. Vannoy*, 963 F.3d 429, 433 (5th Cir. 2020) (internal quotation omitted). Further, a "petitioner must affirmatively prove, not just allege, prejudice." *Id*. (internal quotation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Harrington v.*

*Richter,* 562 U.S. 86, 104 (2011). To satisfy the prejudice prong, the "likelihood of a different result must be substantial, not just conceivable." *Id.* at 112.

In order to prevail on an ineffective assistance of counsel claim, a petitioner "must meet both the deficient performance and prejudice prongs of *Strickland*." *Wong v. Belmontes*, 588 U.S. 15, 16-17 (2009). If a petitioner fails to prove the prejudice part of the test, the court need not address the question of counsel's performance. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

When a petitioner brings an ineffective assistance claim under the AEDPA, the relevant question is whether the state court's application of the deferential *Strickland* standard was unreasonable. *See Beatty v. Stephens*, 759 F.3d 455, 463 (5th Cir. 2014). "Both the *Strickland* standard and AEDPA standard are 'highly deferential,' and 'when the two apply in tandem, review is doubly so.'" *Id.* (quoting *Harrington*, 562 U.S. at 105).

On habeas review, the state court made the following findings of fact and conclusions of law:

### FINDINGS OF FACT

. . .

> **GROUND Nos. 2 & 3: Ineffective Assistance of Counsel**: Applicant essentially complains that Trial Counsel was ineffective by: 1) failure to conduct investigation as requested by Applicant, as to the victim's medical treatment; and 2) failure to inform Applicant of discovery in the case; and 3) "instructive cohersian" (sic) for threatening to withdraw if Applicant testified.
>
> > **FINDING #1:** Applicant adduced no competent evidence of the victim's medical treatment or its materiality to the charged offenses.
> >
> > **FINDING #2:** Based upon attached Exhibit "F", affidavit of Trial Counsel, Applicant admitted commission of the charged offenses whereby the victim's medical status is immaterial. Furthermore, the jury was informed of the victim's prior voluntary sexual activity months before the charged offenses.

> **FINDING #3:** Based upon attached Exhibit "F", affidavit of Trial Counsel, Applicant had been informed of the State's discovery verbally, but initially not in writing for the protection of Applicant in custody.
>
> **FINDING #4**: Based upon attached Exhibit "D", affidavit of Applicant, as well as attached Exhibit "F", affidavit of Trial Counsel, Applicant received the State's written discovery from Trial Counsel at or before withdrawing his Waiver of Jury Trial on March 24, 2016, more than 40 days prior to trial.
>
> **FINDING #5**: Based upon attached Exhibit "F", affidavit of Trial Counsel, prior to trial Applicant admitted commission of the charged offenses and when informed of his right to testify, chose not to do so after informed it would be without participation of Trial Counsel in "eliciting any portion of his testimony we both knew would be perjury".
>
> **FINDING #6**: Trial Counsel did not coerce Applicant's failure to testify; instead, Applicant chose not to testify.
>
> **FINDING #7**: Performance of Trial Counsel was neither deficient nor ineffective.
>
> **CONCLUSION OF LAW**
>
> Based upon the foregoing Findings of Fact, and pursuant to Article 11.07, Code of Criminal Procedure, this Court determines there remains no controverted, previously unresolved facts material to the legality of Applicant's confinement whereby the Court respectfully finds that the Applicant's Post-Conviction Application for Writ of Habeas Corpus should be denied.

(ECF No. 6-16 at *2-3)

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691; *Moore v. Johnson*, 194 F.3d 586, 616 (5th Cir. 1999). To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state

and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Petitioner has failed to satisfy his burden of showing either counsel's performance was deficient for failing to investigate or that he was coerced into not testifying. Further, given the overwhelming evidence against him, petitioner has failed to allege or demonstrate there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

The Texas Court of Criminal Appeals rejected petitioner's claims on habeas review, denying relief. Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's representation was constitutional. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's grounds for relief should be denied.

III.    *Change of Counsel*

In his final ground for relief, petitioner contends the trial court erred when it denied his request for a different attorney. Petitioner claims he requested a change of counsel based on trial counsel's alleged lack of preparation.

"The Sixth Amendment guarantees the right to counsel, but 'indigent defendants have no right to appointed counsel of their choice.'" *United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013) (quoting *United States v. Fields*, 483 F.3d 313, 350 (5th Cir. 2007)). "The court is constitutionally required to provide substitute counsel only if there is a substantial conflict or problem affecting the ability to represent the defendant - 'a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which led to an apparently unjust verdict.'" *Id.* at 441-42 (quoting *United States v. Romero-Trejo*, 476 F. App'x 790-91 (5th Cir. 2012)).

10

To warrant relief on a claim of trial court error, the error must do more than merely affect the verdict; the error must render the trial as a whole fundamentally unfair. *See Bailey v. Procunier,* 744 F.2d 1166, 1168 (5th Cir. 1984). "Due process does not afford relief where the challenged evidence was not the principal focus at trial and the errors were not so pronounced and persistent that it permeates the entire atmosphere of the trial." *Gonzales v. Thaler*, 643 F.3d 425, 430 (5th Cir. 2011).

In order to determine whether an error by the trial court rendered the trial fundamentally unfair, it must be determined if there is a reasonable probability that the verdict would have been different had the trial been conducted properly. *See Rogers v. Lynaugh,* 848 F.2d 606, 609 (5th Cir. 1988). The Supreme Court has held that a federal harmless error standard applies on federal habeas review of state court convictions. *Brecht v. Abrahamson,* 507 U.S. 619, 637-38, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993). The applicable test is whether the error had "substantial and injurious effect or influence in determining the jury's verdict." *Id*. at 637. Further, under this standard, a petitioner is not entitled to habeas relief based on trial error unless he can establish that it resulted in actual prejudice. *Id.*

In this case, the record shows that the court initially denied petitioner's request to have counsel substituted or removed and instructed the parties to confer prior to a follow-up hearing. *See* Pretrial Hearing (ECF No. 6-4 at *3). At the follow-up hearing, however, petitioner affirmed that there was no lingering problem with counsel and that he "was good to go with Mr. Tunnell." *Id*. at *3-4. Given petitioner's withdrawal of his motion to remove counsel and affirmation that he was satisfied with counsel, movant has failed to show trial court error. Further, given the great weight of evidence against petitioner, petitioner has failed to show the alleged error had a substantial and injurious effect or influence in determining the jury's verdict. Therefore, petitioner has failed to establish he was actually prejudiced by any alleged trial court error regarding the failure to appoint another attorney to represent him. Accordingly, petitioner is not entitled to habeas relief.

Petitioner has failed to satisfy his burden of proof regarding the state court findings. For the reasons set forth above, petitioner has failed to show either that the state court adjudication was

contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's ground for relief should be denied.

## Recommendation

The above-styled petition for writ of habeas corpus should be denied and dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 15th day of August, 2022.

_____
Zack Hawthorn
United States Magistrate Judge